# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
June 5, 2014 Session

## SHIRLEY M. CARTWRIGHT v. TENNESSEE FARMERS MUTUAL INSURANCE COMPANY

**Appeal from the Circuit Court for Maury County**
**No. 14231      Stella L. Hargrove, Judge**

---

**No. M2013-02019-COA-R3-CV - Filed August 21, 2014**

---

Shirley M. Cartwright ("Plaintiff") sued Tennessee Farmers Mutual Insurance Company ("Defendant") alleging breach of a contract of insurance. Defendant filed a motion for summary judgment. After a hearing, the Circuit Court for Maury County ("the Trial Court") entered an order finding and holding, *inter alia*, that Plaintiff's response to Defendant's motion was untimely and would not be considered and that Defendant was entitled to summary judgment. Plaintiff appeals raising issues regarding whether the Trial Court erred in finding her response untimely, whether the Trial Court erred in granting Defendant summary judgment, and whether the Trial Court erred in denying two other motions filed by Plaintiff. We find and hold that Plaintiff's response to Defendant's motion for summary judgment was filed timely. We, therefore, reverse the Trial Court's decision finding Plaintiff's response untimely and refusing to consider it. As it was error to refuse to consider Plaintiff's response to Defendant's motion for summary judgment, we vacate the grant of summary judgment to Defendant and the Trial Court's denial of Plaintiff's motions and remand this case to the Trial Court for further proceedings consistent with this Opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Reversed, in part; Vacated, in part; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which JOHN W. MCCLARTY and THOMAS R. FRIERSON, II, JJ., joined.

Robert D. MacPherson, Lebanon, Tennessee, for the appellant, Shirley M. Cartwright.

Arthur E. McClellan and Elizabeth R. McClellan, Gallatin, Tennessee, for the appellee, Tennessee Farmers Mutual Insurance Company.

# OPINION

## Background

On June 21, 2005, Plaintiff and her sister, Brenda Whitehead[1], purchased real property and a house located in Gainesboro, Tennessee [2]. Plaintiff and Ms. Whitehead applied for a casualty insurance policy through Defendant to cover the house and its contents ("the Property"). Defendant issued a policy to cover the period from June 21, 2005 through June 21, 2006 ("the Policy"). The Property was damaged by fire on August 6, 2005. Plaintiff made a claim under the Policy ("the Claim"), which Defendant refused to pay. Plaintiff filed this suit in March of 2012.

When refusing to pay the Claim Defendant asserted, among other things, that Defendant discovered after investigating the Claim that Plaintiff and her sister had provided materially false information when applying for the Policy. Specifically, Defendant alleged that when applying for the Policy, Plaintiff and her sister had denied ever being charged with, convicted of, or pleading guilty to any drug related crimes. Despite this denial in the application, Plaintiff testified during her statement given during Defendant's investigation of the Claim that she had been arrested in Ohio in 1975 for possession of marijuana seeds and apparently had pled guilty[3].

On August 6, 2005, the day the Property was damaged by fire, Plaintiff was residing there but was not at home at the time of the fire. Plaintiff's sister was living elsewhere at that time. Plaintiff testified during her statement that she had stayed at the

---

[1]Ms. Whitehead is not a party to this suit and is not involved in this appeal.

[2]The facts in this Opinion are taken largely from Plaintiff's complaint and documents prepared during Defendant's investigation of the claim involved in this case and are included in this Opinion solely to provide context to the issues raised on appeal. These facts have not yet been proven.

[3]Plaintiff did not affirmatively state that she pled guilty. Plaintiff was asked: "What was the ultimate disposition? Did you plead guilty to simple possession of marijuana?" Plaintiff responded to this question stating: "I would say so." Plaintiff stated that she went to jail and "had to pay to get out, I want to say it was $1,500 [for a bond], and they kept my car confiscated until I went to court, and it ended up costing me - - . . . about $4500 [sic] to get my car back."

Plaintiff also testified that she believed that her sister had been arrested or convicted of felony drug charges in Wilson County prior to filling out the application for the Policy.

house on the night before the fire and that Glenn Pigg[4], with whom Plaintiff was having a relationship, also had spent the night there. Plaintiff testified during her statement that it was her understanding that Glenn Pigg had been arrested for arson of the Property.

Defendant filed a motion for summary judgment asserting that the Policy contained a one year statute of limitations within which to file suit and that Plaintiff's suit was, therefore, untimely. After a hearing the Trial Court denied Defendant's motion after finding and holding, *inter alia*, that the contract at issue was not properly before the court, that the supporting affidavits did not satisfy the requirements of Tenn. R. Civ. P. 56.06, and that there were genuine issues of material fact.

Defendant later filed a second motion for summary judgment. After a hearing the Trial Court denied Defendant's second motion after finding and holding, *inter alia*, that there were disputed issues of material fact.

Defendant filed a third motion for summary judgment alleging again that the statute of limitations barred Plaintiff's suit and alleging that there was no coverage under the Policy due to Plaintiff's and Ms. Whitehead's material misrepresentations. Defendant's motion was set for hearing on March 22, 2013. Plaintiff electronically filed a response to Defendant's motion on March 15, 2013. Also on March 15, 2013, Plaintiff electronically filed a motion to dismiss Defendant's motion for summary judgment or alternatively a motion for continuance, and a motion to exclude Ms. Whitehead's examination under oath taken during Defendant's investigation of the Claim.

After the hearing on March 22, 2013, the Trial Court entered its order on April 4, 2013 finding and holding, *inter alia*:

[I]t appears to the Court that Plaintiff's responses to Defendant's <u>Motion for Summary Judgment</u> were all electronically filed on Friday, March 15, 2013, therefore, not timely filed pursuant to the mandates of <u>Tennessee Rules of Civil Procedure</u>., [sic] Rule 56.04, Rule 5.02(2)(c) and Rule 6.01. It further appears to the Court that Plaintiff's two (2) Motions were likewise filed electronically on March 15, 2013, but not noticed for hearing until electronically noticed for hearing on Monday, March 18, 2013. The Court finds that Plaintiff's Motions were not noticed for hearing in a timely manner so as to permit a hearing on March 22, 2013. Whereupon, counsel for the Plaintiff made an oral motion for the Court to give Plaintiff a one (1) day

_____

[4]Plaintiff and Ms. Whitehead had purchased the Property from Jeff Pigg and George Pigg. Glenn Pigg is related to Jeff Pigg and George Pigg.

extension of time on grounds that his error was an unintentional violation of the Rules, which the Court declined to grant.

> The Court having ruled that Plaintiff's filings in response to Defendant's <u>Motion for Summary Judgment</u> were not timely filed, the Court will not consider them in opposition to Defendant's <u>Motion for Summary Judgment</u>. Having so ruled, the Court finds that Defendant's <u>Motion for Summary Judgment</u> is well taken in that there exists no genuine issue of material fact regarding the case being barred by the insurance policy's one (1) year statute of limitations; and, there exists no genuine issue of material fact regarding the false statements of fact made in the policy application, which the Court expressly finds increased the Defendant's risk of loss.

The April 4, 2013 order granted Defendant's motion for summary judgment and denied Plaintiff's two motions after deeming them moot. Plaintiff filed a motion to alter or amend, which the Trial Court denied. Plaintiff appeals to this Court.

## Discussion

Although not stated exactly as such, Plaintiff raises three issues on appeal: 1) whether the Trial Court erred in finding Plaintiff's response to Defendant's motion for summary judgment untimely and, therefore, refusing to consider it; 2) whether the Trial Court erred in granting Defendant summary judgment; and, 3) whether the Trial Court erred in finding Plaintiff's two motions moot and denying them.

We first address whether the Trial Court erred in finding Plaintiff's response to Defendant's motion for summary judgment untimely and refusing to consider it. Resolution of this issue requires us to interpret Tenn. R. Civ. P. 56 and Tenn. R. Civ. P. 6.01. Our Supreme Court has instructed:

> Interpretation of the Tennessee Rules of Civil Procedure is a question of law, which we review de novo with no presumption of correctness. *Lacy v. Cox*, 152 S.W.3d 480, 483 (Tenn. 2004). The rules of statutory construction guide our interpretation of these rules. *Thomas v. Oldfield*, 279 S.W.3d 259, 261 (Tenn. 2009) (holding that "[a]lthough the rules of civil procedure are not statutes, the same rules of statutory construction apply"). Our primary interpretive objective is to effectuate the drafters' intent without broadening or restricting the intended scope of the rule. *See Owens v. State*, 908 S.W.2d

-4-

923, 926 (Tenn. 1995). We achieve this objective by examining the text, and if the language is unambiguous, we simply apply the plain meaning of the words used. *Garrison v. Bickford*, 377 S.W.3d 659, 663 (Tenn. 2012). Our duty is to enforce the rule as written. *See Waldschmidt v. Reassure Am. Life Ins. Co.*, 271 S.W.3d 173, 176 (Tenn. 2008).

*Fair v. Cochran*, 418 S.W.3d 542, 544 (Tenn. Sept. 12, 2013).

Rule 56 addresses motions for summary judgment and provides, in pertinent part:

> **56.03. Specifying Material Facts.** – In order to assist the Court in ascertaining whether there are any material facts in dispute, any motion for summary judgment made pursuant to Rule 56 of the Tennessee Rules of Civil Procedure shall be accompanied by a separate concise statement of the material facts as to which the moving party contends there is no genuine issue for trial. . . .
>
> Any party opposing the motion for summary judgment must, not later than five days before the hearing, serve and file a response to each fact set forth by the movant either (i) agreeing that the fact is undisputed, (ii) agreeing that the fact is undisputed for purposes of ruling on the motion for summary judgment only, or (iii) demonstrating that the fact is disputed. Each disputed fact must be supported by specific citation to the record. Such response shall be filed with the papers in opposition to the motion for summary judgment. . . .
>
> \* \* \*
>
> **56.04. Motion and Proceedings Thereon.** – The motion shall be served at least thirty (30) days before the time fixed for the hearing. The adverse party may serve and file opposing affidavits not later than five (5) days before the hearing. . . .

Tenn. R. Civ. P. 56. Thus, Plaintiff was required to serve and file her response to Defendant's motion for summary judgment not later than five days before the hearing. The hearing on Defendant's motion was set for March 22, 2013. Plaintiff filed her response to Defendant's motion on March 15, 2013. The Trial Court found that Plaintiff's response was not timely served and filed.

As pertinent to the issue of whether Plaintiff timely filed her response to Defendant's motion for summary judgment, Rule 6.01 provides:

> In computing any period of time prescribed or allowed by these rules, by order of court, or by an applicable statute, the date of the act, event or default after which the designated period of time begins to run is not to be included. The last day of the period so computed shall be included unless it is a Saturday, a Sunday, or a legal holiday as defined in Tenn. Code Ann. § 15-1-101, or, when the act to be done is the filing of a paper in court, a day on which the office of the court clerk is closed or on which weather or other conditions have made the office of the court clerk inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days. When the period of time prescribed or allowed is less than eleven days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation.

Tenn. R. Civ. P. 6.01.

Turning to the facts in the case now before us, we note that the period of time prescribed or allowed for Plaintiff to serve and file a response to Defendant's motion for summary judgment was no later than five days prior to the hearing. As five days is less than eleven days, pursuant to Rule 6.01 intermediate Saturdays and Sundays were to be excluded from the computation.[5] Since Rule 56 phrases the time period allowed as "not later than five days *before* the hearing," it makes sense logically to calculate the allowed period of time by counting backwards from the date of the hearing. Tenn. R. Civ. P. 56 (emphasis added). We note, however, that the result is the same if we calculate the time by counting forward beginning the calculation on the date the response was filed and applying the rules of calculation set out in Tenn. R. Civ. P. 6.01.

The day upon which the hearing on Defendant's motion for summary judgment was set, March 22, 2013, was a Friday, and, pursuant to the dictates of Rule 6.01 as the day upon which the designated period of time began to run is excluded from the calculation. Rule 6.01 further clearly and unambiguously provides that "[t]he last day of the period so computed shall be included unless it is a Saturday, a Sunday, or a legal holiday . . . ." Tenn. R. Civ. P. 6.01. As such, we include in the computation the last day of the relevant time period, the date upon which Plaintiff filed her response, Friday, March 15, 2013.

---

[5]There were no legal holidays during the relevant time period.

Thus, in order to calculate whether Plaintiff's response was filed timely we count the days backward with Thursday, March 21, 2013, the day before the hearing, being day number one to Friday, March 15, 2013, the day Plaintiff filed her response, excluding Saturday and Sunday. From March 21, 2013 counting backward to March 15, 2013 and excluding Saturday, March 16, 2013 and Sunday, March 17, 2013 there are exactly five days.

Rule 56 clearly and unambiguously provides that Plaintiff was required to serve and file her response to Defendant's motion for summary judgment no later than five days before the hearing. Plaintiff served and filed her response *exactly* five days before the hearing, which is *not later* than five days. As such, Plaintiff's response to Defendant's motion for summary judgment was timely filed.

Defendant argues in its brief on appeal that Plaintiff's response to the motion for summary judgment was untimely pursuant to Tenn. R. Civ. P. 5.02(2)(c) and Tenn. R. Civ. P. 6.05[6]. In pertinent part, Tenn. R. Civ. P. 5.02(2)(c) provides: "A document transmitted electronically shall be treated as a document that was mailed for purposes of computation of time under Rule 6." Tenn. R. Civ. P. 5.02(2)(c). Rule 6.05 provides:

> **6.05. Additional Time after Service by Mail. –** Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon such party and the notice or paper is served upon such party by mail three (3) days shall be added to the prescribed period.

Tenn. R. Civ. P. 6.05. Defendant argues that because Plaintiff electronically filed and served her response to Defendant's motion for summary judgment that three days should be added to the computation pursuant to Rules 5.02(2)(c) and 6.05. Defendant is mistaken.

---

[6]Defendant also asserts that Tenn. Code Ann. § 1-3-102 should be considered. As pertinent, Tenn. Code Ann. § 1-3-102 provides:

> The time within which any act provided by law is to be done shall be computed by excluding the first day and including the last, unless the last day is a Saturday, a Sunday, or a legal holiday, and then it shall also be excluded.

Tenn. Code Ann. § 1-3-102 (2003). This statute was enacted to codify a common law rule, *Needham v. Moore*, 292 S.W.2d 720, 724 (Tenn. 1956), and its enactment predates the adoption of the Tennessee Rules of Civil Procedure. Application of Tenn. Code Ann. § 1-3-102 to the case now before us would change neither the analysis of the issue nor the outcome.

The clear and unambiguous language of Rule 6.05 provides that when "a party has the right or is required to do some act or take some proceedings within a prescribed period after the service . . ." and the service was made by mail, then three days shall be added to the computation. Tenn. R. Civ. P. 6.05. In the case now before us, however, Defendant did not have the right, and was not required, to do any act or take any proceedings in response to the service within a prescribed period after the service. The service involved in the case now before us was service of Plaintiff's *response* to Defendant's motion. Defendant was not required to respond to Plaintiff's *response* in order to protect any of Defendant's rights. Nor was Defendant ordered to take any action in response to service of Plaintiff's *response*. Defendant's interpretation of Rule 6.05 ignores the plain language of the rule in an attempt to stretch the rule to shorten Plaintiff's response time by three days which is not the intent of Rule 6.05. Such a result clearly is not intended by Rule 6.05. The clear intent of Rule 6.05 is not to shorten a party's response time but rather to give a party additional time to respond under certain circumstances. Defendant's interpretation of Rule 6.05, while creative, is contrary to the intent and purpose of the rule. The language of Rule 56 saying "not later than five days before the hearing . . ." is simple, clear, and unambiguous, and we will not resort to strained interpretations of other rules in an attempt to make Rule 56 ambiguous.

We find and hold that it was error to find that Plaintiff's response to Defendant's motion for summary judgment was untimely filed and, therefore, to refuse to consider Plaintiff's response. Furthermore, as the Trial Court based its decision on Defendant's motion for summary judgment, at least in part, upon the lack of a response we vacate the grant of summary judgment and remand to the Trial Court for reconsideration.

We remand this case to the Trial Court for reconsideration of Defendant's motion for summary judgment giving appropriate consideration to Plaintiff's response to Defendant's motion. We, also vacate the Trial Court's denial of Plaintiff's motion to dismiss Defendant's motion for summary judgment or alternatively a motion for continuance, and her motion to exclude Ms. Whitehead's examination under oath. Upon remand we direct the parties and the Trial Court to set the hearing on Defendant's motion for summary judgment and Plaintiff's two motions on the same date.

## Conclusion

The judgment of the Trial Court finding Plaintiff's response to Defendant's motion for summary judgment to be untimely is reversed. The judgment of the Trial Court granting Defendant's motion for summary judgment, denying Plaintiff's motion to dismiss Defendant's motion for summary judgment or alternatively a motion for continuance, and

denying Plaintiff's motion to exclude Ms. Whitehead's examination under oath is vacated, and this cause is remanded to the Trial Court for further proceedings consistent with this Opinion and for collection of the costs below. The costs on appeal are assessed against the appellee, Tennessee Farmers Mutual Insurance Company.

_____
D. MICHAEL SWINEY, JUDGE