FILED
Jan 22, 2020
09:19 AM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MURFREESBORO

| | |
|---|---|
| MICHAEL KASSMIEH,<br>　　　　Employee,<br>v.<br><br>NEIS, INC.,<br>　　　　Employer,<br>And<br><br>NAT'L UNION FIRE INS. CO.<br>OF PITTSBURG, PA,<br>　　　　Insurer. | )　Docket No. 2018-05-1079<br>)<br>)<br>)<br>)　State File No. 54818-2017<br>)<br>)<br>)<br>)　Judge Robert Durham<br>)<br>) |

---

## COMPENSATION HEARING ORDER GRANTING SUMMARY JUDGMENT

---

This case came before the Court on January 15, 2019, on NEIS's Motion for Summary Judgment.[1] Upon review of the record, the Court holds that NEIS is entitled to judgment as a matter of law regarding Mr. Kassmieh's entitlement to additional benefits for his head injury.

### History of Claim

Mr. Kassmieh suffered a head injury on July 19, 2017, while working for NEIS. He asserted the injury caused unrelenting right-eye pain, headaches, and tinnitus. NEIS provided authorized treatment with two neurologists and an ophthalmologist, but none found an objective reason for his complaints.

One of the neurologists, Dr. Stephen Graham, concluded that Mr. Kassmieh's subjective complaints were "far out of proportion" to his "very minor head injury" and determined he was at maximum medical improvement. He released Mr. Kassmieh with no restrictions or impairment and stated he did not need additional neurological

---

[1] The Court granted two extensions to allow Mr. Kassmieh time to respond to the summary judgment motion.

1

treatment.

Mr. Kassmieh also treated with an unauthorized neurologist, Dr. Joy Derwenskus. Although she treated his headaches and facial pain, she did not provide a causation opinion for the first expedited hearing. Based on Dr. Graham's opinion and the lack of contrary medical evidence, the Court denied Mr. Kassmieh's request for additional benefits.

Shortly afterward, Mr. Kassmieh filed another petition for benefit determination, this time with a causation letter from Dr. Derwenskus. She stated she believed it likely that Mr. Kassmieh's "persistent headaches [were] related to the injury he sustained when he walked into the doorframe." She based this opinion on his account of the accident and his assertion that he did not have headaches before. At a second expedited hearing, the Court again denied Mr. Kassmieh's request, given that Dr. Derwenskus's letter did not establish the likelihood of proving his symptoms arose primarily out of and in the course and scope of employment.[2]

NEIS then filed a Motion for Summary Judgment with a statement of material facts. In response, Mr. Kassmieh took Dr. Derwenskus's deposition, which he served and filed on January 7. He also responded to the statement of material facts but did not serve and file these responses until January 10.

### Findings of Fact and Conclusions of Law

The party moving for summary judgment shall prevail if it: (1) submits affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrates to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim. Tenn. Code Ann. § 20-16-101 (2019).

Here, the essential element at issue is proof of causation through expert opinion. Tennessee Code Annotated sections 50-6-102(14)(C) and (D) state that claimants must prove through a doctor's opinion that a work-related injury more likely than not contributed more than fifty percent in the claimant's disablement or need for treatment. NEIS both negated this essential element and demonstrated that Mr. Kassmieh's evidence was insufficient through its undisputed statement of material facts.

Rule 56.03 of the Tennessee Rules of Civil Procedure requires that a party seeking summary judgment attach a concise statement of material facts. The opposing party must

---

[2] The findings of fact and conclusions of law from both expedited hearing orders are incorporated by reference.

2

then respond to each factual statement by indicating it is undisputed or, if disputed, cite to the record to demonstrate the dispute. Rule 56.03 states that opposing parties "must, *not later than five days before the hearing*," file and serve their responses to the statement of material facts. (Emphasis added.)

According to the stamp-filed date on Mr. Kassmieh's responses, he did not file them until January 10. The hearing was on January 15. According to Rule 6.01 of the Tennessee Rules of Civil Procedure, to calculate periods of time, the date the filing occurred is included, but the last date of the waiting period is not. *Cartwright v. Tenn. Farmers Mut. Co.*, 453 S.W.3d 910, 915 (Tenn. Ct. App. 2014). If the period is less than eleven days, weekends and legal holidays are excluded from the computation. Thus, in this case starting from January 15 and going backward, the 15th, 14th and 13th are all included. The 12th and the 11th, being the weekend, are not. Therefore, Mr. Kassmieh filed his response three days before the hearing. Thus, his responses are untimely under Rule 56.03, and the Court will not consider them.[3]

While the lack of timeliness does not mandate entry of summary judgment, it does prevent Mr. Kassmieh from disputing any of the facts in NEIS's statement of material facts. *See United Servs. Inds., Inc. v. Sloan*, 1988 Tenn. App. LEXIS 592, \*4 (Tenn. Ct. App. Sept. 28, 1988) ("An adverse party's failure to respond to a motion for summary judgment does not relieve the moving party of the burden of establishing an entitlement to judgment as a matter of law; rather, an absence of response only precludes factual disputes."). The Court will not recite the whole statement but only those facts that it finds relevant to summary judgment:

10. Upon further questioning, Dr. Graham opined as follows:

a. Employee's complaints of ringing in the right ear did not primarily arise out of the work incident considering all causes.

b. Employee's complaints of right eye pain, blurred vision, and drainage from the right eye did not primarily arise out of the work incident, considering all causes.

c. Employee's complaints of headaches did not arise primarily out of the work incident, considering all causes.

d. There is no objective evidence on any testing of any injury sustained by Employee related to the work incident.

e. Employee has 0% impairment.

---

[3] At the hearing, Mr. Kassmieh maintained that he was unable to file and serve his response in a timely fashion because NEIS's counsel was unavailable to receive it. However, even if she were unavailable, nothing in the Rules of Civil Procedure or the Tennessee Compilation Rules and Regulations requires personal service on opposing counsel.

f. Employee does not need further treatment that would be directly related to the work incident.

11.     Employee has no medical proof establishing work-related causation with regard to the allegations of right eye pain or right ear pain or ringing. Further Employee has no competent medical proof establishing work-related causation with regard to his complaints of headaches. No physician has opined and no medical evidence whatsoever has established that Employee's alleged workplace incident contributed more than fifty percent in causing his alleged condition, considering all causes.

12.     Employee's only medical evidence in this case in relation to Employee's alleged headaches; however, Employee's headaches are essentially resolved and his only remaining alleged condition is pain in the right eye area, for which there is no medical evidence or expert opinion.

13.     There is no proof in this case establishing that the alleged workplace incident contributed more than fifty percent in causing any disablement or the need for any medical treatment.

Given that these facts are undisputed, they serve to provide "affirmative evidence," in the form of Dr. Graham's opinion, which negates the essential element of causation. They also establish that Mr. Kassmieh has no expert opinion that proves a causal relation between his current symptoms and his work injury, and thus his proof is insufficient. Tenn. Code Ann. § 50-6-102(14). As a result, NEIS is entitled to judgment as a matter of law as to whether Mr. Kassmieh sustained a work-related injury that left him disabled or in need of additional treatment.

However, even if Mr. Kassmieh had timely disputed the statement of material facts, NEIS would still prevail. To counter Dr. Graham's opinion, Mr. Kassmieh took Dr. Derwenskus's deposition. Dr. Derwenskus repeatedly stated that it was "possible" that his accident caused his headache and eye pain, particularly since he did not report these symptoms before the accident, but she could not "give a percentage to what would be the causation[.]" Dr. Derwenskus's opinion is exemplified by the following passage, which both parties cited:

Q: Again, given the history that I gave you that I never had any trauma before, and you stated it's—most likely my injury is related to the accident. Is that fair to say? It's as you put it, it's likely the persistence of headaches are related to injury sustained when walking into the–

A: Yeah.

Q: given my history that I never had any injury before.

4

A: As I said, definitely trauma can – it is possible trauma can lead to headaches.

Since Mr. Kassmieh only presented "speculation or possibility" as medical evidence, he did not meet the statutory requirement for causation. Tenn. Code Ann. § 50-6-102(14)(D). Thus, summary judgment would still be appropriate even without the undisputed statement of material facts.[4]

IT IS, THEREFORE, ORDERED that:

1. NEIS's Motion for Summary Judgment is granted, and Mr. Kassmieh's claim is dismissed with prejudice to its refiling.

2. Absent an appeal, this Order shall become final in thirty days.

3. The filing fee of $150.00 is taxed to NEIS under Tenn. Comp. R. & Regs. 0800-02-21-.07, to be paid to the Court Clerk and for which execution may issue as necessary.

4. NEIS shall prepare and file the SD-2 with the Court Clerk within ten days of this order becoming final.

**ENTERED January 22, 2020.**

**Robert V. Durham, Judge**
**Court of Workers' Compensation Claims**

---

[4] Given the findings above, it is not necessary to analyze whether Dr. Graham's opinion, without the undisputed statement of facts, would be sufficient as affirmative evidence to negate an essential element of Mr. Kassmieh's claim.

5

# APPENDIX

Technical Record

1. Motion for Summary Judgment with NEIS's brief
2. Order Continuing Summary Judgment Hearing
3. Order Setting Summary Judgment Hearing

Exhibits

1. NEIS's Statement of Material Facts
2. Mr. Kassmieh's Response to Statement of Material Facts
3. Medical records previously submitted during Expedited Hearings
4. Previous Expedited Hearing Orders
5. Dr. Derwenskus's deposition.

## CERTIFICATE OF SERVICE

A copy of this order was sent as indicated on January 22, 2020.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|---------|-----|-------|------------------|
| Michael Kassmieh | X | | X | 3101 Lancelot Drive, Murfreesboro, TN 37127 Mkas2734@gmail.com |
| Catherine Dugan | | | X | cate@petersonwhite.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry. *See* Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# COMPENSATION HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

**Employer** _____

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## List of Parties

**Appellant (Requesting Party):**_____At Hearing:☐Employer☐Employee

Address:_____

Party's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)

**Appellee (Opposing Party):**_____At Hearing:☐Employer☐Employee

Appellee's Address: _____

Appellee's Phone: _____Email:_____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____ , certify that I have forwarded a true and exact copy of this Compensation Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20___.

[Signature of appellant or attorney for appellant]  _____

Attention: This form should only be used when filing an appeal to the Workers' Compensation Appeals Board. If you wish to appeal a case to the Tennessee Supreme Court, please utilize the form provided by the Court which can be found on their website at the following address:
http://www.tncourts.gov/sites/default/files/docs/notice_of_appeal_-_civil_or_criminal.pdf



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

   My employer's address is: _____

   My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

LB-1108 (REV 11/15)                                                          RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental $ _____ per month

Groceries $ _____ per month     Telephone $ _____ per month

Electricity $ _____ per month     School Supplies $ _____ per month

Water $ _____ per month     Clothing $ _____ per month

Gas $ _____ per month     Child Care $ _____ per month

Transportation $ _____ per month     Child Support $ _____ per month

Car $ _____ per month

Other $ _____ per month (describe: _____ )

10. Assets:

Automobile $ _____ (FMV) _____

Checking/Savings Acct. $ _____

House $ _____ (FMV) _____

Other $ _____ Describe: _____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires: _____