IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 14, 2021 Session

## SYLVIA DAVIS v. KEITH MONUMENTS

**Appeal from the Circuit Court for Hamilton County**
**No. 19-C-641          Ward Jeffrey Hollingsworth, Judge**

———————————————————

### No. E2020-00792-COA-R3-CV

———————————————————

Plaintiff filed suit for damages alleging that she had been injured when the headstone at her deceased brother's grave fell on her and broke bones in her hand. After Defendant, the installer of the headstone, moved for summary judgment, the trial court dismissed Plaintiff's claims with prejudice. On appeal, we reverse that portion of the trial court's summary judgment order dismissing Plaintiff's claim which is based on Defendant's alleged negligence in installing the headstone.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in part, Reversed in Part, and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and J. STEVEN STAFFORD, P.J., W.S., joined.

Ronald J. Berke, Chattanooga, Tennessee, for the appellant, Sylvia Davis.

Alaric A. Henry and Michael S. Jones, Chattanooga, Tennessee, for the appellee, Keith Monuments.

## OPINION

### BACKGROUND AND PROCEDURAL HISTORY

The Plaintiff-Appellant in this matter, Sylvia Davis ("Ms. Davis"), filed a complaint in the Hamilton County Circuit Court as a result of injuries she allegedly sustained while visiting the grave of her deceased brother. According to the complaint, while Ms. Davis was setting flowers at the base of her brother's gravestone, "the headstone fell over onto [her] hand, breaking several bones, necessitating surgery, and causing severe pain and suffering." The complaint charged that the named Defendant, "Keith Monuments,"[1] was

---

[1] The answer submitted in this matter, filed by Keith Monuments, LLC, noted that the Defendant

"negligent in the construction, placement, and maintenance of the gravestone." Further, the complaint asserted that the Defendant "either created an unsafe condition on the property, or knew or should have known of the unsafe condition through the exercise of reasonable diligence."

Following the filing of the complaint, the Defendant moved for summary judgment and asserted that it was entitled to relief based upon the following grounds:

1. Plaintiff can provide no evidence that her injury was foreseeable and that some conduct by Keith Monuments could have prevented the injury.

2. Keith Monuments does not own the property at issue, nor did Keith Monuments manufacture the gravestone.

3. Plaintiff can provide no evidence that Keith Monuments negligently installed the gravestone, thus creating a dangerous condition.

4. Additionally, Plaintiff can provide no evidence that Keith Monuments had notice of the alleged dangerous condition.

Ms. Davis opposed the summary judgment motion by contending there were genuine issues as to the negligence of the Defendant in its attachment of the headstone to the base of the monument. In relevant part, Ms. Davis argued that the Defendant had used the wrong compound to attach the headstone to the base. Specifically, she pointed to discovery materials indicating that putty had been used as the setting compound and submitted an affidavit from Manny Rico, an installer of gravesite monuments and owner of a monument business for thirty-four years. According to Mr. Rico, putty is not a proper compound to use and, if used, "it will not hold the monument to the base for a very long time and it is foreseeable that the monument will fall."

The Defendant subsequently moved to strike Mr. Rico's affidavit on April 21, 2020. During the ensuing summary judgment hearing that occurred on Monday, April 27, 2020 and for which a notice of hearing was sent on Wednesday, April 22, 2020, the Defendant reiterated its objections to the affidavit, while also voicing an objection to a supplemental affidavit of Mr. Rico filed three calendar days before the hearing, on April 24, 2020.[2] The

---

had been incorrectly named as "Keith Monuments" in Ms. Davis' complaint.

[2] As a technical matter, the supplemental affidavit was filed one day before the scheduled hearing within the meaning of the rules of procedure. *See Cartwright v. Tenn. Farmers Mut. Ins. Co.*, 453 S.W.3d 910, 914-16 (Tenn. Ct. App. 2014) (exploring interplay between Rule 56 and Rule 6 and how to determine the timeliness of summary judgment responses). We further note, however, that pursuant to the appropriate time computations, the supplemental affidavit was technically due before the motion to strike was ever filed and before the notice of hearing was given. It is apparent that Ms. Davis made prompt efforts to cure perceived deficiencies with Mr. Rico's affidavit upon receipt of the motion to strike. This may well explain

- 2 -

supplemental affidavit from Mr. Rico was ostensibly offered to address any perceived deficiencies with his first one. Whereas the trial court did not formally enter an order directly dealing with the Defendant's motion to strike, this motion was implicitly denied inasmuch as the court's ensuing "Memorandum Opinion" granting summary judgment to the Defendant specifically refers to the affidavit. By the same token, it appears that Mr. Rico's supplemental affidavit was also considered; indeed, when describing Mr. Rico's opinion in its summary judgment order, the trial court referred to statements made by Mr. Rico that were only specifically set forth in the supplemental affidavit.[3]

As for its ultimate decision to grant the Defendant's motion for summary judgment, however, the trial court held in relevant part as follows:

> The one certainty is that no one knows what happened. There is not sufficient proof that Keith Monuments used the wrong adhesive or otherwise improperly installed the gravestone. There is no proof of the condition of the gravestone after the accident. By the time Keith Monuments went to inspect the site, some unknown person had repaired whatever damage had occurred.
>
> . . . .
>
> Although it is not pled . . . the Plaintiff's case seems to rest on the theory of res ipsa loquitur[.] . . . However, res ipsa loquitur does not apply in this case.
>
> . . . .
>
> Under the evidence presented in this case, it is clear that Keith Monuments was not responsible for all reasonably probable causes. The

the trial court's decision to reference the opinions and contents of the supplemental affidavit and not disregard it, as will be discussed herein. We additionally observe that, although the Defendant complains in this matter that the supplemental affidavit was untimely when adjudged in reference to the summary judgment hearing date, the facts of this case show that the Defendant did not actually give proper notice of its own hearing date regarding the summary judgment motion and motion to strike. *See* Tenn. R. Civ. P. 6.04; Tenn. R. Civ. P. 6.01; *Bright v. Gue*, No. E2007-00127-COA-R3-CV, 2008 WL 440457, at *6-7 (Tenn. Ct. App. Feb. 19, 2008). Indeed, as notice of the hearing was given on April 22, 2020, the service of the notice was not five days in advance of the hearing date as calculated under the rules. Although Ms. Davis has not complained about this notice issue, it is noteworthy that the Defendant insists upon strict compliance with the rules of procedure on Ms. Davis' part but does not hold itself to the same standard.

[3] By way of example, the trial court noted that Mr. Rico's opinion regarding the monument in this case was "based on his experience," a point that was specifically clarified in the supplemental affidavit, wherein Mr. Rico attested that his opinions in both affidavits were based upon his fifty years of work in the monument business. Moreover, the trial court referred to Mr. Rico's opinion about whether something is a "proper adhesive," terminology that is only used in the supplemental affidavit. The trial court further stated that it had reviewed "all of the evidence in this case."

- 3 -

gravestone could have been impacted by lawnmowers numerous times while it was in place before the accident. Other vehicles could have run into it.

. . . .

The evidence submitted by Ms. Davis is not sufficient to establish that the gravestone was negligently installed by Keith Monuments.

This appeal followed.

## DISCUSSION

In this appeal, we are tasked with considering whether the trial court's grant of summary judgment in favor of the Defendant was proper. In answering this question, we are guided by the following standard:

> A motion for summary judgment may be granted only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. "The moving party has the ultimate burden of persuading the court that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Martin v. Norfolk S. Ry.*, 271 S.W.3d 76, 83 (Tenn. 2008) (citation omitted). When the moving party does not bear the burden of proof at trial, "the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense." *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). Because resolving a motion for summary judgment is a question of law, we review the trial court's disposition on the issue *de novo* without a presumption of correctness. *Martin,* 271 S.W.3d at 84 (citation omitted). Indeed, we must make a fresh determination that the requirements of Rule 56 have been satisfied in each case. *Green v. Green*, 293 S.W.3d 493, 514 (Tenn. 2009) (citations omitted). In assessing the propriety of the motion, "we are required to review the evidence in the light most favorable to the nonmoving party and to draw all reasonable inferences favoring the nonmoving party." *Martin*, 271 S.W.3d at 84 (citation omitted).

*Bobo v. City of Jackson*, 511 S.W.3d 14, 18–19 (Tenn. Ct. App. 2015).

We further note that summary judgment proceedings are "not in any sense to be viewed as a substitute for a trial of disputed factual issues," *Miranda v. CSC Sugar, LLC*, No. W2017-01986-COA-R3-CV, 2018 WL 3302035, at *6 (Tenn. Ct. App. July 5, 2018) (quoting *EVCO Corp. v. Ross*, 528 S.W.2d 20, 25 (Tenn. 1975)), and in negligence cases, questions regarding breach of duty and causation are ordinarily questions of fact. *Rains v. Bend of the River*, 124 S.W.3d 580, 588 (Tenn. Ct. App. 2003). Moreover, as our Supreme Court's discussion in *Rye* instructs, a nonmovant opposes summary judgment by "demonstrat[ing] the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party." *Rye v. Women's Care Ctr. of Memphis, MPLLC,* 477 S.W.3d 235, 265 (Tenn. 2015). As explained below, because we conclude that Ms. Davis satisfied this standard, we respectfully hold that the trial court's disposition of this matter by summary judgment was in error.

Whereas the Defendant argues in its appellate brief that Ms. Davis "failed to provide any evidence linking the installation of the gravestone to [her] injuries," this assertion is simply not supported by the record transmitted to us on appeal. Ms. Davis marshalled evidence that putty was used by the Defendant to attach the headstone to the monument's base, and she further adduced proof by an experienced monument installer that the use of that substance would result in the headstone eventually falling.

As to the assertion that putty was used in the monument installation, the Defendant argues that there is no evidence of such a factual proposition. This contention is a spurious one. Evidence does exist to support Ms. Davis' assertion that putty was used by the Defendant. In his January 20, 2020 deposition, Charles McGhee, who was one of the installers of the monument at issue, testified that he did not know the type of setting compound he had used. He did state, however, that the compound he used in 2020 was the same compound he had used for ten years, agreeing that it had always been the same. According to Mr. McGhee, "It's like a white bucket." Thus, although Mr. McGhee's testimony clearly indicated that the Defendant had always used the same compound for attaching headstones during the decade in which the subject headstone was installed, he could not shed light onto the specific nature of the compound.

Subsequent discovery helped Ms. Davis fill in the gap left by Mr. McGhee's memory. In serving a response to Ms. Davis' request for the production of "[a]ny and all invoices for any setting compounds purchased by Keith Monuments from the year 2010 until the present date," the Defendant attached a single invoice that it had located, which reflected the purchase of "One bucket of Putty" in 2019. Inasmuch as Mr. McGhee testified that the same substance had always been used when attaching headstones, there is clearly evidence here to support Ms. Davis' assertion at summary judgment that putty was used with respect to the installation of the headstone at issue.[4]

---

[4] Of course, this is not to say that the Defendant will be unable to contest this factual proposition at trial and demonstrate that the substance it used was not in fact putty. We merely hold that the summary

Although Mr. Rico's affidavit testimony served as evidence that the Defendant's use of putty resulted in the fall of the headstone, the Defendant appears to raise two primary objections to Mr. Rico. First, the Defendant appears to cast aspersions on Mr. Rico's competency to provide testimony as an expert in this case. We do not share the Defendant's concerns, and accordingly, we find no basis to fault the trial court in failing to strike any of Mr. Rico's affidavits from the record. Indeed, as to the Defendant's specific contention that Mr. Rico does not satisfy the standards under Rule 702 of the Tennessee Rules of Evidence, we note that Rule 702 provides that one may be an expert by "knowledge, skill, experience, training, or education." Tenn. R. Evid. 702. The record reflects that Mr. Rico has been in the monument business for fifty years. He has not only been an installer of monuments but has also owned his own monument business for thirty-four years. We have no quarrel with the trial court's consideration of his opinions on the proper manner of installing gravestone monuments.[5]

A second primary concern of the Defendant relates to the trial court's ability to consider the supplemental affidavit from Mr. Rico due to its belated filing with the court three calendar days before the summary judgment hearing. As previously noted, the submission of Mr. Rico's supplemental affidavit appears to have been aimed at curing any perceived deficiencies that arguably accompanied his first one. There is no dispute that Mr. Rico's supplemental affidavit was not strictly filed within the parameters of Rule 56.04, which instructs that the party opposing summary judgment "may serve and file opposing affidavits not later than five days before the hearing." Tenn. R. Civ. P. 56.04. Nevertheless, that does not mean the trial court was incapable of considering it in reference to the Defendant's pending motion. "[A] trial court, acting within its discretion, may waive the requirements of [Rule 56] in an appropriate situation." *Owens v. Bristol Motor Speedway, Inc.*, 77 S.W.3d 771, 774 (Tenn. Ct. App. 2001).

Here, as we explained in an earlier footnote in this Opinion, the terms of the trial court's order indicate that it considered the supplemental affidavit when ruling on the Defendant's summary judgment motion. We find no abuse of its discretion in its decision to do so, especially considering the fact that the prior affidavit (which essentially spoke on the same matters as the supplemental affidavit) was filed within the time restraints imposed by Rule 56.

Error does lie, however, in the trial court's ultimate conclusion. As already evident from our earlier exposition of the trial court's holding, the trial court placed particular emphasis in its ruling that there was no *certainty* as to what happened in this case. It then

---

judgment record contains evidence supporting Ms. Davis' factual assertion concerning this material fact.

[5] Although the Defendant also contends that Mr. Rico's testimony is "wholly irrelevant" because there is not proper evidence that putty was used, this argument has no merit based on our foregoing discussion about Mr. McGhee's testimony and the Defendant's response to Ms. Davis' requests for production.

proceeded to speculate as to various potential causes of Ms. Davis' injuries, expressing concern that the evidence had not eliminated the possibility of such causes. Perhaps there is in fact some other cause of what is alleged to have occurred, and perhaps the Defendant will be able to establish this at trial or otherwise discredit the proof that Ms. Davis will offer. Respectfully, however, the court's independent speculation about other potential causes does not in any way warrant a grant of summary judgment in the Defendant's favor. The Defendant moved for summary judgment, and Ms. Davis appropriately responded by offering proof of the cause of her injuries, proof that implicates the Defendant. Because Ms. Davis has "demonstrate[d] the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party," *Rye*, 477 S.W.3d at 265, summary judgment was not appropriate.

Our conclusion about this matter notwithstanding, we do not hold that the trial court's summary judgment order should be reversed in its entirety. Our discussion herein has been specifically focused on the proof relating to the Defendant's alleged negligence in installing the monument. That is what we understand the nature of Ms. Davis' appellate challenge to relate to, and our holding is restricted accordingly. Thus, to the extent that the complaint in this matter involved allegations of negligence against the Defendant independent of its installation of the subject headstone, the trial court's dismissal of such claims is undisturbed.

## CONCLUSION

Ms. Davis pointed to facts and evidence in the record which could allow a rational trier of fact to find in her favor. The trial court's summary dismissal of her complaint is therefore reversed as to her assertion that the Defendant was negligent when installing the headstone at issue.

s/ Arnold B. Goldin
ARNOLD B. GOLDIN, JUDGE