IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 7, 2024 Session

## CHEROKEE FIBER & ASSOCIATES, INC. v. DAVID GERREGANO, COMMISSIONER OF THE TENNESSEE DEPARTMENT OF REVENUE

Appeal from the Chancery Court for Davidson County
No. 22-1459-IV       Russell T. Perkins, Chancellor

_____

### No. M2023-00748-COA-R3-CV
_____

The Tennessee Department of Revenue conducted an audit of a business and assessed unpaid taxes against the business. After an informal review by the Commissioner of the Tennessee Department of Revenue, the business filed suit in the Chancery Court for Davidson County to challenge the assessment. The trial court concluded that the complaint was not timely filed, thus preventing the court from exercising subject matter jurisdiction over the complaint. Finding no error, we affirm the chancellor's decision.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which W. NEAL MCBRAYER and KRISTI M. DAVIS, JJ., joined.

Tyler Harrison DeWitt, Memphis, Tennessee, for the appellant, Cherokee Fiber & Associates, Inc.

Jonathan Skrmetti, Attorney General and Reporter, Andrée Blumstein, Solicitor General, and Laurel K. Hall, Assistant Attorney General, for the appellee, Tennessee Department of Revenue.

### OPINION

FACTUAL AND PROCEDURAL BACKGROUND

Cherokee Fiber & Associates, Inc. ("Cherokee") is a Georgia corporation that specializes in installing fiber-optic cable throughout the southeast. In 2020, the Tennessee Department of Revenue (the "Department") conducted a sales/use tax audit of Cherokee's books and records for the period of November 1, 2016, through December 31, 2018. From this audit, the Department issued an assessment of $99,810.27 in tax and $24,952.26 as a

penalty, plus interest. In total, the Department assessed $138,854.11 against Cherokee. In response, Cherokee requested an informal taxpayer conference with the Department under Tenn. Code Ann. § 67-1-1438(b). This conference was held on July 21, 2020, and the Department upheld the assessment by letter on August 3, 2022.

On November 2, 2022, Cherokee filed suit in the Davidson County Chancery Court against David Gerregano, Commissioner of the Tennessee Department of Revenue (the "Commissioner") challenging the assessment under Tenn. Code Ann. § 67-1-1801(a)(1)(B). The Commissioner then moved to dismiss the complaint under Tenn. R. Civ. P. 12.02(1) (lack of subject matter jurisdiction) and 12.02(6) (failure to state a claim upon which relief can be granted) alleging that the complaint did not comply with the statutory requirements for filing suit under Tenn. Code Ann. § 67-1-1801(b). The Commissioner asserted that the complaint was not filed within ninety days of the assessment becoming final, as the statute requires.

On April 19, 2023, the court entered an order granting the motion to dismiss and concluding that it lacked subject matter jurisdiction because the complaint was not timely filed. In the final order, the court found that the assessment became final on August 3, 2022, that ninety days from August 3 was November 1—one day before Cherokee filed its complaint. Cherokee timely appealed.

Cherokee presents one issue for our review: whether the trial court erred in concluding that Cherokee failed to timely file its complaint within the ninety-day filing period prescribed by Tenn. Code Ann. § 67-1-1801(b)(1).[1]

STANDARD OF REVIEW

We review the trial court's judgment after a non-jury proceeding de novo upon the record with a presumption of correctness as to the trial court's findings of fact unless the evidence preponderates otherwise. *See* TENN. R. APP. P. 13(d); *Rogers v. Louisville Land Co.*, 367 S.W.3d 196, 204 (Tenn. 2012). Evidence preponderates against a trial court's finding of fact if it supports another finding of fact "with greater convincing effect." *Rawlings v. John Hancock Mut. Life Ins. Co.*, 78 S.W.3d 291, 296 (Tenn. Ct. App. 2001). We review the trial court's conclusions of law de novo with no presumption of correctness. *Rogers*, 367 S.W.3d at 204.

In regard to a motion to dismiss for lack of subject matter jurisdiction, our Supreme Court has explained:

---

[1] Cherokee's brief presents the issue as being "whether the Appellant timely filed its complaint within the ninety-day filing period prescribed by Tenn. Code Ann. § 67-1-1801(a)(1)(B)." However, this section of the statute does not control the filing of an action by the taxpayer. We assume that Cherokee means Tenn. Code Ann. § 67-1-1801(b)(1).

A motion to dismiss for lack of subject matter jurisdiction falls under Tennessee Rule of Civil Procedure 12.02(1). The concept of subject matter jurisdiction involves a court's lawful authority to adjudicate a controversy brought before it. Subject matter jurisdiction involves the nature of the cause of action and the relief sought, and can only be conferred on a court by constitutional or legislative act. Since a determination of whether subject matter jurisdiction exists is a question of law, our standard of review is de novo, without a presumption of correctness.

*Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000) (internal citations omitted).

ANALYSIS

On appeal, Cherokee asserts a single argument: that the trial court erred when it dismissed Cherokee's complaint for lack of subject matter jurisdiction based upon Cherokee not filing its complaint within the ninety-day period required by the statute.

Cherokee's complaint was dismissed under Tenn. R. Civ. P. 12.02(1) for lack of subject matter jurisdiction. When a defendant raises a challenge to a court's subject matter jurisdiction, he or she is calling into question the court's "lawful authority to adjudicate a controversy brought before it." *Id.* Therefore, this question should be viewed as a threshold inquiry. *Redwing v. Cath. Bishop for Diocese of Memphis*, 363 S.W.3d 436, 445 (Tenn. 2012). When subject matter jurisdiction is challenged under Rule 12.02(1), "the party asserting that subject matter jurisdiction exists . . . has the burden of proof." *Chapman v. DaVita, Inc.*, 380 S.W.3d 710, 712 (Tenn. 2012).

In the motion to dismiss, the Commissioner accepted Cherokee's factual assertions, and argued that, even under these facts, the court lacked subject matter jurisdiction over the claim because the complaint was not timely filed. Therefore, this is a facial challenge, i.e., a challenge to the complaint itself. *See Redwing*, 363 S.W.3d at 445. With a facial challenge, we presume that the factual allegations in the plaintiff's complaint are true. *Id.* at 445-46.

Only the Tennessee General Assembly may consent to suits against the state, and no court has subject matter jurisdiction over a suit against the state unless this consent has been given. *SunTrust Bank, Nashville v. Johnson*, 46 S.W.3d 216, 221 (Tenn. Ct. App. 2000). Under Tenn. Code Ann. § 67-1-1804, "[t]he procedure established by this part is the sole and exclusive jurisdiction for determining liability for all taxes collected or administered by the commissioner of revenue . . . ." Cherokee's complaint was brought under Tenn. Code Ann. § 67-1-1801, which governs the manner and procedure for filing suit against the state when a party believes the final assessment of tax owed is "unjust, illegal or incorrect." *Id.* § 67-1-1801(a)(1). More specifically, Cherokee filed suit under subsection (a)(1)(B), which provides: "The taxpayer may file suit against the commissioner

- 3 -

in chancery court in the appropriate county in this state, challenging all or any portion of the final assessment of such tax, including any interest and penalty associated with the tax." *Id.* § 67-1-1801(a)(1)(B). The statute requires that the complaint be: (1) filed within ninety days of the date the assessment becomes final; and (2) signed by the taxpayer under the penalties of perjury. *Id.* § 67-1-1801(b)(1)-(2). Our review focuses on the first of these requirements.

The tax assessment in this case became final on August 3, 2022, when the Department upheld the proposed tax assessment by letter. Therefore, our task will be to determine what the proper filing period was under the applicable law. We begin by noting that Tenn. Code Ann. § 67-1-1801 contains no provision directing how to compute the ninety-day filing period. We therefore rely on Tenn. R. Civ. P. 6.01 to determine whether Cherokee timely filed its complaint.[2] *See Sanders v. Traver*, 109 S.W.3d 282, 285-86 (Tenn. 2003) ("Since the [statute] has no specific provision directing how to compute the days for the twelve-month statute of limitations, Rule 6.01 and Tennessee Code Annotated section 1-3-102 may be applied to define the statutory period."). That rule states:

> In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the date of the act, event or default after which the designated period of time begins to run is not to be included. The last day of the period so computed shall be included unless it is a Saturday, a Sunday, or a legal holiday as defined in Tenn. Code Ann. § 15-1-101, or, when the act to be done is the filing of a paper in court, a day on which the office of the court clerk is closed or on which weather or other conditions have made the office of the court clerk inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days. When the period of time prescribed or allowed is less than eleven days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation.

TENN. R. CIV. P. 6.01.

Our Supreme Court has instructed that:

> Interpretation of the Tennessee Rules of Civil Procedure is a question of law, which we review de novo with no presumption of correctness. *Lacy v. Cox*, 152 S.W.3d 480, 483 (Tenn. 2004). The rules of statutory construction guide our interpretation of these rules. *Thomas v. Oldfield*, 279 S.W.3d 259, 261

---

[2] While not applicable for these purposes, the statute does adopt the rules governing discovery found in the Tennessee Rules of Civil Procedure in two instances. "The Commissioner shall be entitled to discover any and all matters, not privileged, pursuant to the Rules of Civil Procedure." Tenn. Code Ann. § 67-1-1801(g), (h).

(Tenn. 2009) (holding that "[a]lthough the rules of civil procedure are not statutes, the same rules of statutory construction apply"). Our primary interpretive objective is to effectuate the drafters' intent without broadening or restricting the intended scope of the rule. *See Owens v. State*, 908 S.W.2d 923, 926 (Tenn. 1995). We achieve this objective by examining the text, and if the language is unambiguous, we simply apply the plain meaning of the words used. *Garrison v. Bickford*, 377 S.W.3d 659, 663 (Tenn. 2012). Our duty is to enforce the rule as written. *See Waldschmidt v. Reassure Am. Life Ins. Co.*, 271 S.W.3d 173, 176 (Tenn. 2008).

*Fair v. Cochran*, 418 S.W.3d 542, 544 (Tenn. 2013).

The plain language of Tenn. R. Civ. P. 6.01 states that the day "of the act, event, or default" is excluded from computing any time period. Neither party disputes that August 3, 2022, was the date the assessment became final and is, therefore, excluded from computing the ninety-day filing period under Rule 6.01. The difference between the parties' date calculations is what day is counted as day one. Included in the record are two calendars the parties created that lay out the specific disagreement on what constitutes day one. The Commissioner's calendar showed August 3 as the day the letter was issued and August 4 as day one. The calendar submitted by Cherokee, similarly showed August 3 as the day the letter was issued, but day one as August 5. According to Cherokee, August 4, 2022, is an uncounted day zero. Cherokee's argument here appears to be that the time on August 4 is included, but does not count as a day until August 5, making August 5 day one. For the reasons stated below, we agree with the Commissioner that day one was August 4.

Cherokee's main support for its argument is the date calculation in *Spates v. Howell*, 420 S.W.3d 776 (Tenn. Ct. App. 2013). We believe that Cherokee reads too much into the *Spates* case. In *Spates*, an inmate's complaint against prison staff was dismissed for not being timely filed. *Id.* at 778. The court determined that the applicable one-year statute of limitations began to run on April 9, 2011, because the inmate discovered his injuries on April 8, 2011. *Id.* at 782. The court concluded that the statute of limitations expired on April 9, 2012, which was one year plus one day later. *Id*. Cherokee interprets this finding as meaning that, for April 9, 2012, to be the final date in the one-year statutory period, the *Spates* court calculated April 10, 2011, as day one in the time period.

Much of the *Spates* court's calculation of the one-year statutory time period, however, is not specifically laid out in the opinion, because it primarily concerned other tolling events. A look back to 2011 fills in any gaps in the *Spates* court's analysis. Specifically, counting April 9 as day one, one year from April 9, 2011, was, April 8, 2012, which was a Sunday. Per the language of Rule 6.01, if the last day of the time period falls on a Sunday, the time period runs until the end of the following day. Therefore, we believe

that the *Spate* court's calculation supports the trial court's calculation of the ninety-day filing period in this case.[3]

In sum, the triggering event after which the period runs is the letter dated August 3, 2022. This date is not included in the computation of the ninety-day filing period. August 4, 2022, is counted as day one, meaning there are twenty-eight days counted in August, thirty days counted in September, thirty-one days counted in October, and one day counted in November. Using this understanding of the relevant dates, the trial court correctly calculated that ninety days from August 4, 2022, was November 1, 2022. Having filed its complaint on November 2, 2022, Cherokee filed its complaint one day late. We affirm the trial court's decision.

CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed against the appellant, Cherokee Fiber & Associates, Inc., for which execution may issue if necessary.


/s/ Andy D. Bennett
ANDY D. BENNETT, JUDGE

---

[3] Another case dealing with counting days considered the time for filing a response to a motion for summary judgment. *See* Tenn. R. Civ. P. 56.04. To calculate the filing date, which was required "not later than five days before the hearing," the court made the following calculation:

> Thus, in order to calculate whether Plaintiff's response was filed timely we count the days backward with Thursday, March 21, 2013, the day before the hearing, being day number one to Friday, March 15, 2013, the day Plaintiff filed her response, excluding Saturday and Sunday. From March 21, 2013 counting backward to March 15, 2013 and excluding Saturday, March 16, 2013 and Sunday, March 17, 2013 there are exactly five days.

*Cartwright v. Tenn. Farmers Mut. Ins. Co.*, 453 S.W.3d 910, 915 (Tenn. Ct App. 2014). Saturday and Sunday are excluded from this date calculation because the period is less than eleven days, as the rule prescribes. In this date calculation, Thursday, the day immediately preceding the accrual date, is counted as day one, not day zero. We agree with the court's reasoning in this case.