IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 7, 2024 Session

## STEVEN BRECKER v. VIRGINIA STORY, ET AL.

**Appeal from the Circuit Court for Williamson County**
No. 2019-295B      Russell Parkes, Judge

_____

**No. M2023-01640-COA-R3-CV**

_____

The plaintiff filed this lawsuit against his former attorney and her law firm, alleging legal malpractice and related claims. The defendants filed a motion for summary judgment, supported by the affidavit of the defendant-attorney and various other documents. Just days before the hearing on the motion for summary judgment, the plaintiff filed an untimely response to the motion for summary judgment along with voluminous exhibits. The defendants asked the trial court to disregard the late-filed exhibits and grant them summary judgment. The trial court found that the plaintiff's response was untimely and deemed it stricken. In the absence of a response, the trial court also took the defendants' statements of undisputed material facts as true. It then examined each of the causes of action asserted by the plaintiff and concluded that no genuine issues of material fact existed and that the defendants were entitled to judgment as a matter of law on all claims. The plaintiff appeals. We affirm and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and ANDY D. BENNETT, J., joined.

William Gary Blackburn, Nashville, Tennessee, for the appellant, Steven Brecker.

James E. Looper, Jr., and Gage Smythe, Nashville, Tennessee, for the appellees, Story, Abernathy & Campbell, PLLP, and Virginia Story.

## OPINION

### I.      FACTS & PROCEDURAL HISTORY

Plaintiff Steven Brecker filed this lawsuit against Virginia Story and her law firm in June 2019.[1]  The complaint alleged that Ms. Story and her law firm had represented Mr. Brecker in a divorce action.  Mr. Brecker alleged various acts of legal malpractice by Ms. Story, including that she failed to timely file an expert report, failed to object to certain evidence, did not properly prepare witnesses for trial, and numerous other acts and omissions, which allegedly led to him owing an excessive alimony award.  The complaint alleged four causes of action: professional negligence, negligent misrepresentation, breach of fiduciary duty, and vicarious liability of the law firm.  Mr. Brecker sought over three million dollars in damages.

A lengthy and contentious period of discovery ensued, and the trial court ruled on various discovery related issues over the next few years.  In August 2022, Mr. Brecker filed a motion to set the case for a jury trial, indicating that the parties had been deposed, discovery had been exchanged, and he had "furnished a report of an expert, which is being refreshed in light of deposition testimony now."

On November 17, 2022, the defendants filed a motion for summary judgment.  Challenging two elements of the legal malpractice claim, the defendants asserted that Ms. Story did not breach her duty as a matter of law, and there was an absence of causation because Mr. Brecker could not show that the outcome would have been any different but for the alleged negligence.  The defendants supported their summary judgment motion with a statement of undisputed material facts and numerous exhibits, including an affidavit of Ms. Story, who stated that she was competent to testify as to the professional standard of care as it applied to her areas of practice.  Ms. Story addressed various allegations from the complaint and ultimately opined that she did not breach the standard of care, she represented Mr. Brecker with the degree of care commonly possessed by reasonable prudent attorneys practicing in the State of Tennessee, and she did not cause any of the injuries alleged by Mr. Brecker.  Numerous documents were attached to her affidavit, including the parties' contract, the divorce decree, many other documents from the divorce proceeding, the subsequent opinion from the Tennessee Court of Appeals in the matter, and many other documents.  Ms. Story also submitted deposition testimony and portions of the trial transcript in support of her motion.  The hearing on the motion for summary judgment was set for January 13, 2023.

On December 8, 2022, the hearing on the motion was reset for March 17, 2023.  On March 8, 2023, the hearing was rescheduled again, this time at the request of the trial judge, and set for April 14, 2023.  Tennessee Rule of Civil Procedure 56.03 provides, in pertinent

---

[1] The complaint identified the law firm as Abernathy Story Stovall Hood Harris Garner Ashworth and Campbell, PLLC.  The brief filed on appeal on behalf of Ms. Story and the firm identifies it as Story, Abernathy & Campbell, PLLP.  The answer they filed in the trial court states that the firm was "misnamed in the caption" and that an agreed order was entered substituting the proper party.  However, it does not appear that the agreed order is in the record on appeal.

part:

> Any party opposing the motion for summary judgment must, *not later than five days before the hearing*, serve and file a response to each fact set forth by the movant either (i) agreeing that the fact is undisputed, (ii) agreeing that the fact is undisputed for purposes of ruling on the motion for summary judgment only, or (iii) demonstrating that the fact is disputed. Each disputed fact must be supported by specific citation to the record. Such response shall be filed with the papers in opposition to the motion for summary judgment.

(emphasis added). Rule 56.04 further provides that "[t]he adverse party may serve and file opposing affidavits not later than five days before the hearing."

Because the hearing on the motion for summary judgment was set for Friday, April 14, 2023, Mr. Brecker's response to the motion for summary judgment was required to be filed by Thursday, April 6, due to an intervening weekend and Good Friday. *See* Tenn. R. Civ. P. 6.01 ("The last day of the period so computed shall be included unless it is a Saturday, a Sunday, or a legal holiday as defined in Tenn. Code Ann. § 15-1-101, or, when the act to be done is the filing of a paper in court, a day on which the office of the court clerk is closed . . . in which event the period runs until the end of the next day which is not one of the aforementioned days. When the period of time prescribed or allowed is less than eleven days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation."); *Cartwright v. Tennessee Farmers Mut. Ins. Co.*, 453 S.W.3d 910, 914-15 (Tenn. Ct. App. 2014) (explaining how to calculate the five-day period prior to a summary judgment hearing). However, no response to the motion was filed by Thursday, April 6, 2023.

On Friday, April 7, 2023, at 3:17 p.m., while the clerk's office was closed for Good Friday, Mr. Brecker e-filed a twenty-page response in opposition to the motion for summary judgment. He also e-filed his responses to the 54 statements of undisputed material facts submitted by the defendants. In addition, Mr. Brecker e-filed a separate statement of additional material facts,[2] listing 44 numbered paragraphs of additional facts for consideration. However, all of these documents made reference to exhibits that were purportedly attached, and no exhibits were attached to any of these documents e-filed on Friday, April 7.

On Monday, April 10, 2023, at 5:15 p.m., Mr. Brecker e-filed a "Notice of Filing"

---

[2] This separate statement of additional facts stated that the defendants had focused "on only a few of the many instances in which Defendants' conduct fell below the standard of care," and the additional facts were intended to show "additional claims for breach of duty and professional negligence."

of an "Exhibit Index" for his response, providing, for the first time, the following list of exhibits in support of his response:

**EXHIBIT INDEX**

A.  Stephen Brecker Signed Declaration
B.  Brecker Deposition
C.  Story Deposition
D.  Appellate Opinion
E.  Brecker v. Brecker (169)
F.  Letter from Hayes re expert witnesses
G.  Brecker v Brecker (101)
H.  Brecker email from Story
I.  Re: Motion from Yesterday
J.  Brecker v Brecker revised valuation report
K.  Motion in Limine
L.  Brecker v Brecker 12-4-2017 email
M.  Trial Transcripts
N.  Brecker v Brecker Witnesses
O.  Ltr to Hayes 2-8-17
P.  Brecker v Brecker 2
Q.  Brecker v Brecker (102)
R.  Steve's Direct and exhibit list
S.  Ltr to Hayes w Settlement Proposal 11-9-17
T.  March 2018 invoice
T.1 February 2018 invoice
U.  Copy of Egan Memorandum and Order
V.  Atty Client Privileged Communication (64)
W.  Misc. 2.
X.  Computer Review 2
Y.  Exhibit 55
Z.  Exhibit 35 -H's income & Expense Statement
AA. Declaration of Chancellor Fansler

This list was accompanied by designated Exhibits A through AA, spanning roughly 250 pages.

On Tuesday, April 11, 2023, Mr. Brecker filed Exhibits B, C, L, and M, "to go with" his previous exhibit filing, as they had apparently been omitted from the previous attachments. These exhibits consisted of an additional 150 pages of material.

On Thursday, April 13, 2023, the evening before the hearing, the defendants filed a reply to Mr. Brecker's response. They argued that Mr. Brecker had "more than adequate

time to prepare a response," given that the case had been pending since 2019, and the motion for summary judgment had been pending since November 2022. They noted that the hearing had already been reset twice, first at the request of plaintiff's counsel and then at the request of the court. Still, the defendants noted that Mr. Brecker had not provided all of the exhibits to his response until Tuesday, April 11, just days before the Friday hearing. The defendants argued that this violated Tennessee Rules of Civil Procedure 56.03, 56.04, and 56.06. They further argued that Mr. Brecker's failure to properly file and serve the documents had deprived them of the time allotted to prepare a reply. Thus, the defendants asked the trial court to "disregard" the 28 late-filed exhibits submitted by the plaintiff. They argued that the undisputed facts showed that they were entitled to judgment as a matter of law on all claims asserted. The defendants also filed a separate response to Mr. Brecker's statement of additional material facts, but therein, they simply reiterated that the plaintiff's statement was untimely and should not be considered. They argued that the plaintiff's statement of additional material facts contained 68 "speculative allegations and legal conclusions," and it would be "extremely prejudicial" to require them to respond to these 68 additional statements based on the "voluminous amount of discovery, depositions, and pleadings from this case and the underlying case." Thus, they repeated their request for the trial court to disregard them and enter summary judgment in their favor. In the event that the trial court decided to consider the late-filed exhibits and statement of additional facts, the defendants requested additional time to respond.

The summary judgment hearing was held the following day, on Friday, April 14. Plaintiff's counsel explained that he provided some of the documents to opposing counsel the previous Friday, on Good Friday, when the court was closed. He mentioned that filing the exhibits "was a challenge" due to the "volume" of the exhibits. He acknowledged that some documents could not be sent to the court until Monday. However, the trial judge suggested that the response was actually due the previous Thursday, on April 6. At the end of the hearing, the trial judge took the matter under advisement. That evening, Mr. Brecker e-filed a declaration from the legal assistant for plaintiff's counsel, who stated that she "had difficulty filing all of the exhibits on Monday, April 10, 2023, because some were too large for the Court's system, and the Clerk's office was closed," apparently for the evening. She stated that she called the clerk's office on Tuesday morning to ask direction, and all of the exhibits "were sent through a large file transfer to opposing counsel at that time."

On September 5, 2023, the trial court entered an order granting the defendants' motion for summary judgment. The trial court set forth the relevant timeline of events, dating back to the filing of the case in June 2019. The court noted that the motion for summary judgment was filed in November 2022, and it was previously scheduled to be heard in January 2023 and in March 2023 before finally being reset for a hearing on April 14, 2023. The trial court also noted that the Friday one week prior to the hearing was Good Friday, a state holiday. The court then considered the defendants' objection to the timeliness of Mr. Brecker's response to the motion for summary judgment. It found that "Rule 56 clearly and unambiguously provides that Plaintiff was required to serve and file

- 5 -

his response to Defendant[s'] Motion for Summary Judgment no later than five (5) days before the hearing." The trial court explained that pursuant to Tennessee Rule of Civil Procedure 6.01, intermediate Saturdays, Sundays, and legal holidays are excluded from that computation. The court also explained that Good Friday is designated as a legal holiday by Tennessee Code Annotated section 15-1-101. Accordingly, the court found, the response was due on or before April 6, 2023, and the response filed by the plaintiff thereafter was untimely. From the record and arguments of counsel, the court found that counsel for the plaintiff "attempted" to e-file the response on April 7, which was already untimely. The court further noted that the "Notice of Filing" of the exhibits showed a certificate of service of April 10. The trial court also referenced two handwritten notes delivered to the court with the late-filed documents, which reflected dates of April 7 on the first note and April 11 on the second note, and the April 11 note stated that "all twenty-eight (28) exhibits to the reply brief that we filed last Friday" were being delivered to the court's office.[3] Regardless, the trial court found that the filings were untimely.

The trial court found that Tennessee courts "have been forced to address [a] party's timeliness or lack thereof on multiple occasions," and specifically in addressing the timeliness of responses to motions for summary judgment, courts had "repeatedly cautioned parties" to heed the standards of Rule 56. The trial court emphasized that parties confronted with a motion for summary judgment cannot take it lightly and must demonstrate why granting the motion would be inappropriate. The trial court relied heavily on this Court's decision in *Owens v. Bristol Motor Speedway, Inc.*, 77 S.W.3d 771, 773 (Tenn. Ct. App. 2001), which involved affidavits filed two days before a summary judgment hearing and a response filed one day before the hearing. Noting the five-day requirement in Rule 56.03, the Court of Appeals recognized that the response was "not filed until the day before the hearing and could have been disregarded on that basis alone." *Id.* at 775. The trial court also cited *Owens* for the notion that a nonmoving party's failure to comply with Rule 56.03 may result in the trial court's refusal to consider the factual contentions of the nonmoving party, even if those facts could be ascertained from the record.

Finally, the trial court noted another "similar fact pattern" in *Garner v. Coffee County Bank*, No. M2014-01956-COA-R3-CV, 2015 WL 6445601 (Tenn. Ct. App. Oct. 23, 2015) *overruled on other grounds by Case v. Wilmington Tr., N.A.*, No. E2021-00378-SC-R11-CV, 2024 WL 4774863 (Tenn. Nov. 14, 2024).[4] In that case, a motion for summary judgment had been pending for more than two months before the hearing on the motion, and the nonmoving party was required to file his opposition to the motion by the

---

[3] The court explained that the case was pending in Williamson County, the trial judge was administering the matter by interchange, and the court's offices were located in Columbia, Tennessee.

[4] In *Case v. Wilmington Tr., N.A.*, No. E2021-00378-SC-R11-CV, 2024 WL 4774863, at *14 (Tenn. Nov. 14, 2024), the Tennessee Supreme Court overruled "*Garner*, as well as all other opinions relying upon it, to the extent this line of cases has found that Tennessee law recognizes a distinct cause of action for wrongful foreclosure."

close of business on October 7, 2013, prior to the hearing on Monday, October 14. *Id.* at *2. He did not file any opposition papers until October 8, and those documents were not signed or notarized. *Id.* He filed his properly signed and notarized documents on October 9, three days before the hearing. *Id.* The trial court granted the defendants' motion to strike and did not consider the response. *Id.* Although the plaintiff in that case argued on appeal that the late-filed response "would not have caused any undue prejudice," the appellate court noted that undue prejudice was "not the issue." *Id.* at *14. Rule 56.03 provided that the response *must* be served and filed not later than five days before the hearing, the requirements of Rule 56.03 were mandatory, the trial court had discretion to waive them in an appropriate situation, and the appellate court was not permitted to interfere with that decision absent an abuse of discretion. *Id.*

Comparing the facts in *Garner* to those before it, the trial court noted that in this case about five months had passed between the filing of the defendants' summary judgment motion and the hearing. The trial court further noted that the plaintiff in this case, Mr. Brecker, "had to be acutely aware of the necessity to adhere to the rules and follow timeframes established by those rules for that is a portion of the facts alleged in the Complaint on which the Plaintiff's claims are the basis of the Defendant[s'] negligence." The trial court noted that the "very nature" of the allegations in the complaint allege a lack of timeliness as to disclosures and filings. In conclusion, the trial court found that the response was due on or before April 6, the plaintiff attempted to electronically file documents on April 7, and the documents in support of his response were not filed until April 10 or 11, "at best." Therefore, the court deemed the responses untimely, concluded that they should be stricken, and explained that they would not be considered for purposes of deciding the motion for summary judgment.

In the absence of a response to the motion for summary judgment, the trial court took the 54 statements of undisputed material facts submitted by the defendants as true. The trial court then examined each alleged cause of action to determine whether there was any genuine issue of material fact and the moving party was entitled to judgment as a matter of law. Examining first the claim for professional negligence, the trial court explained that expert proof is required when the allegations are not within the common knowledge of laymen. The trial court found that the defendants' proof negated the essential elements of professional malpractice/negligence and also causation. It found that Ms. Story's affidavit provided "significant detail" regarding her legal representation and her competency to offer opinions regarding divorce trial practice. Therein, she opined that she at all times represented Mr. Brecker with the degree of care, skill, judgment, and diligence commonly possessed and exercised by reasonable prudent attorneys practicing in the State of Tennessee. She opined that she did not breach the professional standard of care or do anything that caused any injuries alleged by the plaintiff. In light of the exclusion of Mr. Brecker's response, the trial court found that he failed to present any expert testimony in response to the motion for summary judgment to support his claim of professional negligence. As such, the trial court found that summary judgment was appropriate on the

legal malpractice claim.

Looking next to the second, third, and fourth counts alleged in the complaint, the trial court acknowledged that they were designated as claims for negligent misrepresentation, breach of fiduciary duty, and vicarious liability. However, the trial court found that each of these claims was "in essence a claim for professional negligence," as all of the allegations involved allegedly negligent conduct in connection with the defendants' legal representation. Citing caselaw from this Court looking at the gravamen of claims, the trial court determined that these claims "sound in legal malpractice," and therefore, they should be viewed as such. It dismissed those claims for the reasons previously discussed above.

Mr. Brecker filed a motion to alter or amend. His motion stated that the court had "ably set forth its reasons for not considering the Plaintiff's submissions in Response to the Defendant's Motion for Summary Judgment based upon untimeliness under T.R.C.P. Rule 56.03," those circumstances "may be explained but not excused," and "we do not quibble with the Court's well stated analysis." However, the motion sought "partial modification of the order" to consider just one of the late-filed exhibits, the declaration of Mr. Brecker's expert. The motion stated that Mr. Brecker "does not seek the admission of other evidence excluded in the Court's order." Mr. Brecker asked the court to consider the fact that the defendants had possession of the expert's "opinion" since early in the proceeding, in 2019, because it was discussed during Ms. Story's deposition and made an exhibit. The plaintiff argued that no prejudice could be shown by considering that opinion. The defendants filed a response, arguing that summary judgment was properly entered due to the defendants' satisfaction of their burden of production and the plaintiff's failure to comply with the Tennessee Rules of Civil Procedure, and there was no reason to alter or amend that order. They contended that Mr. Brecker had "incidentally admit[ted]" that he also had possession of this evidence years before the motion for summary judgment was even filed, and yet he failed to demonstrate "even the minimal diligence needed" to timely file his response or request a continuance under Rule 56.07 or Rule 6.02.[5] After an additional hearing, the trial

---

[5] Tennessee Rule of Civil Procedure 56.07 provides,

> Should it appear from the affidavits of a party opposing the motion that such party cannot for reasons stated present by affidavit facts essential to justify the opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

So, "[i]f the nonmoving party cannot present by affidavit facts essential to justify its opposition to the motion for summary judgment, it may file an affidavit stating its reasons for not being able to do so." *Just. v. Bd. of Pro. Resp.*, 693 S.W.3d 225, 250 (Tenn. 2024) (citing Tenn. R. Civ. Proc. 56.07)). During the hearing on the motion for summary judgment, the trial judge noted the absence of any Rule 56.07 motion supported by an affidavit. Counsel for the plaintiff responded, "Well, there hasn't been a request for more

- 8 -

court entered an order denying the motion to alter or amend, stating that it was not well taken.  Mr. Brecker timely filed a notice of appeal to this Court.

## II.  ISSUE PRESENTED

The only issue presented by Mr. Brecker on appeal is whether the trial court abused its discretion in excluding the declaration of his expert due to its untimely filing.  For the following reasons, we affirm the decision of the circuit court and remand for further proceedings.

## III.  DISCUSSION

At the outset, we emphasize the narrow issue presented by Mr. Brecker on appeal. He only argues that the trial court abused its discretion in excluding one of the late-filed exhibits, an expert declaration, due to the fact that it was not filed at least five days before the hearing on the summary judgment motion.  Tennessee Rule of Civil Procedure 56.04 provides, "The motion [for summary judgment] shall be served at least thirty (30) days before the time fixed for the hearing. The adverse party may serve and file opposing affidavits not later than five days before the hearing."  Mr. Brecker does not argue that his response was timely.  Instead, he argues that a "perfect storm of confusion" was created by a "failure to recall" that Good Friday is a legal holiday, and one of his attorneys from Utah sending materials on Good Friday that were "too large to download."[6]  Mr. Brecker characterizes the result as a "short delay" and argues that the trial court abused its discretion in declining to consider the late-filed exhibit, considering that the defendants had the expert's opinion "almost verbatim" since 2019.  In response, the defendants emphasize that Mr. Brecker's response consisted of approximately 500 pages of documents to be reviewed in a few short days, and they could not simply rely on versions of documents they may have been provided years earlier because changes could have been made in the interim. They note that the previous report was from 2019 while the new expert declaration was dated April 6, 2023, the very day that the response was due.  They further argue that regardless of what *they* may have been provided previously, *the trial judge* did not have a copy of the declaration.

The filing deadline contained within Rule 56.04 "is intended to enable lawyers to be fully prepared to present their arguments at the hearing on the summary judgment motion," but it "also exists to enable the trial court to control its docket and to give the court sufficient opportunity to review the case file to be likewise fully prepared to rule on

---

time to respond.  That would come from the party who claimed to have been harmed by receiving it late."

[6] To further illustrate the "confusion," Mr. Brecker states that papers filed in opposition to motions are ordinarily due on the Monday preceding a Friday hearing under local rules.  However, this Court has previously explained that the deadline for serving and filing affidavits opposing a motion for summary judgment is not controlled by local rules of court but rather the Tennessee Rules of Civil Procedure. *Kenyon v. Handal*, 122 S.W.3d 743, 751 (Tenn. Ct. App. 2003).

the motion." *Kenyon*, 122 S.W.3d at 755. When discussing Rule 56.04 in *Kenyon*, we noted,

> Good trial judges set and enforce deadlines and also have the right to assume that the deadlines they set, as well as those imposed by the rules, will be honored. *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996). Because trial courts enjoy substantial discretion to control the disposition of cases on their dockets, *Justice v. Sovran Bank*, 918 S.W.2d 428, 429-30 (Tenn. Ct. App. 1995); *see also State v. Davis*, No. E1999-00373-CCA-R3-CD, 2000 WL 1349263, at *11 (Tenn. Crim. App. Sept. 19, 2000) (Tipton, J., dissenting) (No Tenn. R. App. P. 11 application filed), we customarily defer to their decisions regarding continuances, enlargements of time, or other relief from deadlines. *Sanjines v. Ortwein & Assocs., P.C.*, 984 S.W.2d 907, 909 (Tenn. 1998) (continuance); *Douglas v. Estate of Robertson*, 876 S.W.2d 95, 97 (Tenn. 1994) (enlargement of time); *State ex rel. Jones v. Looper*, 86 S.W.3d 189, 195-96 (Tenn. Ct. App. 2000) (enlargement of time). Accordingly, we will let the trial court's decision on these matters stand in the absence of clear prejudicial error under the circumstances of the case. *Trinity Indus. v. McKinnon Bridge Co.*, 77 S.W.3d 159, 175 (Tenn. Ct. App. 2001).

*Id*. at 751. At the same time, we also cautioned,

> Lawyers who wait until the last minute to comply with a deadline are playing with fire. *Spears v. City of Indianapolis*, 74 F.3d at 157. Thus, reasonably prudent lawyers facing a deadline for obtaining and filing opposing affidavits needed to fend off an adversary's summary judgment motion have essentially three alternatives. First, they may see to it that the opposing affidavit is filed and served by the deadline. Second, they may request a continuance of the hearing from opposing counsel. Third, they may file a properly supported Tenn. R. Civ. P. 56.07 motion requesting a continuance to enable them to obtain the needed affidavit.[7]

*Id*. at 753 (footnotes omitted). Relief from the deadline imposed by Rule 56.04 "rests soundly within the discretion of the trial court." *Curtsinger v. HCA, Inc.*, No. M2006-00590-COA-R3-CV, 2007 WL 1241294, at *4-5 (Tenn. Ct. App. Apr. 27, 2007).

As the trial court in the case at bar aptly noted, Tennessee courts have considered timeliness issues similar to those before us on several occasions. The trial court thoroughly discussed two of those cases in its summary judgment order. *See Garner*, 2015 WL

---

[7] Again, we note that Mr. Brecker did not file a motion in the trial court pursuant to Rule 56.07 or Rule 6.02, and he does not mention either rule on appeal either.

6445601, at *14 ("Based on the facts of this case, Mr. Garner has failed to show that the trial court's refusal to consider his late-filed opposition papers constituted an abuse of its discretion."); *Owens*, 77 S.W.3d at 775 ("the plaintiff's response to the defendant's statement of material facts and the memorandum of law in support thereof were not filed until the day before the hearing and could have been disregarded on that basis alone"). We will briefly review some others.

In *Weather Doctor Services Co. v. Stephens*, No. E2000-01427-COA-R3-CV, 2001 WL 849540, at *1 (Tenn. Ct. App. July 27, 2001), for instance, a trial court considering a summary judgment motion ruled that a countervailing affidavit filed on behalf of the nonmoving party "was not timely because it was not filed within five days of the date of the hearing as required by Tenn. R. Civ. P. 56.04." The nonmoving party appealed, arguing that the trial court erred by not considering the late-filed affidavit. *Id.* We summarily rejected this argument, stating, quite simply, "In light of the fact that the Trial Judge was simply following the Rules of Civil Procedure, we do not find error in his failure to consider [the nonmoving party's] affidavit." *Id.* at *2. *See also Simmons v. Islam*, No. M2023-01698-COA-R3-CV, 2024 WL 4948939, at *5-6 (Tenn. Ct. App. Dec. 3, 2024) (rejecting the appellant's argument that the trial court erred "by failing to consider an unsigned supplemental declaration from [a doctor] that he endeavored to present on the day of the hearing on the Defendants' summary judgment motion" given the five-day rule in Rule 56.04 for filing opposing affidavits); *cf. Jacobs v. Nashville Ear, Nose & Throat Clinic*, 338 S.W.3d 466, 482 (Tenn. Ct. App. 2010) (observing that "[o]nce the motions were filed, the Plaintiff had the right, and, in fact, the obligation, if her case was going to survive the defendants' motions, to 'serve and file opposing affidavits not later than five days before the hearing'") (quoting Tenn. R. Civ. P. 56.04).

We further note that, in this case, the trial court did not exclude a single affidavit in isolation, but all of the voluminous late-filed documents filed by the plaintiff in response to the motion for summary judgment, additionally citing Rule 56.03. *See* Tenn. R. Civ. P. 56.03 ("Any party opposing the motion for summary judgment must, not later than five days before the hearing, serve and file a response to each fact set forth by the movant . . . ."). "Rule 56.03 requires that a party opposing a motion for summary judgment must serve and file a response to the motion." *Holland v. City of Memphis*, 125 S.W.3d 425, 428 (Tenn. Ct. App. 2003). "'The requirements of Tennessee Rule of Civil Procedure 56.03 are mandatory, and it is not the duty of the court, trial or appellate, to search the record in order to find a material dispute of fact.'" *Nunley v. Farrar*, No. M2020-00519-COA-R3-CV, 2021 WL 1811750, at *4 (Tenn. Ct. App. May 6, 2021) (quoting *Williams v. Watson*, No. E2005-02403-COA-R3-CV, 2007 WL 187925, at *9 (Tenn. Ct. App. Jan. 25, 2007)). "Although a trial court, 'acting within its discretion, may waive the requirements of the rule in an appropriate situation,' this Court has previously concluded that a trial court's refusal to waive the 'strict requirements' of Rule 56.03 is not error." *Haren Constr. Co., Inc. v. Ford*, 699 S.W.3d 902, 910 (Tenn. Ct. App. 2024) (quoting *Owens*, 77 S.W.3d at 774); *see, e.g.*, *Wilmington Sav. Fund Soc'y, FSB v. Jackson*, No. E2021-00300-COA-R3-

- 11 -

CV, 2021 WL 4465800, at *5-6 (Tenn. Ct. App. Sept. 30, 2021) ("[T]he trial court held Plaintiff to its obligations under the rule and, again, Plaintiff has not explained in its brief how this amounts to an abuse of discretion. Consequently, we deem it prudent to leave the trial court's decision in this case undisturbed.").

In *Pacific Design Ventures, Inc. v. Big River Breweries, Inc.*, No. M2001-02395-COA-R3-CV, 2003 WL 1610872, at *1 (Tenn. Ct. App. Mar. 28, 2003) *perm. app. denied* (Tenn. Mar. 8, 2004), the defendants filed motions for summary judgment in July 2000, after several years of litigation. The plaintiffs were granted additional time to respond, and the motions were set for hearing on October 6, 2000. *Id.* On October 2, the plaintiffs filed an affidavit, and on October 4, they responded to the defendants' statement of undisputed facts. *Id.* The next day, the defendants moved to strike the response and affidavit. *Id.* The trial court granted the motion to strike the response and affidavit and also granted the summary judgment motion. *Id.* at *2. On appeal, this Court held that "the trial court was justified in refusing to consider the plaintiffs' response to the defendants' statement of undisputed facts." *Id.* at *3. We noted the amount of time that had passed since the filing of the complaint, the amount of time that passed after the motion for summary judgment was filed, and the fact that "the response, when it finally arrived, consisted of an affidavit that attempted to adopt the facts recited in an amended complaint." *Id.*

In *Millsaps v. Roe*, No. E2003-02528-COA-R3-CV, 2004 WL 1698206, at *1 (Tenn. Ct. App. July 29, 2004), the plaintiff filed a response to a summary judgment motion on the day of the hearing, and the trial court refused to consider it. On appeal, we explained that the trial court properly applied the five-day requirement in Rule 56.03 as a basis for refusing to consider the response, and therefore, the trial court did not abuse its discretion "when it refused to consider the material filed by the plaintiff on the day of the hearing." *Id.* at *3. *See also State v. Trotter*, No. E2018-00390-COA-R3-CV, 2019 WL 354969, at *3, *9 (Tenn. Ct. App. Jan. 28, 2019) (concluding that the nonmoving party failed to respond to the summary judgment motion "in a timely and appropriate manner as required by Rule 56.03" where he filed a response three days before the scheduled hearing and an affidavit the next day); *Est. of Lamb v. Brinias*, No. E2013-01550-COA-R3-CV, 2014 WL 2999556, at *7 (Tenn. Ct. App. July 1, 2014) ("We find no error in the Trial Court's determination that Plaintiff's untimely response to Defendant's renewed motion for summary judgment would not be considered."); *Fed. Nat. Mortg. Ass'n v. Stokes*, No. E2012-00270-COA-R3-CV, 2012 WL 5900991, at *5-6 (Tenn. Ct. App. Nov. 26, 2012) (explaining that the appellant "did not file a timely opposition to plaintiff's motion for summary judgment" where his response was filed "four minutes before the closing of the clerk's office on the day before the hearing," the trial court "in its sound discretion" chose not to waive the five-day requirement, and the appellant's "failure to properly oppose the motion at the summary judgment stage now proves fatal on appeal"); *Melton v. Melton*, No. M2002-00532-COA-R3-CV, 2002 WL 31769221, at *4 (Tenn. Ct. App. Dec. 11, 2002) ("Under Tenn. R. Civ. P. 56.03, Mrs. Melton had until December 16, 2001 to file a response to Appellees' Motion. . . . The December 20, 2001 filing was not timely since the

- 12 -

December 16, 2001 deadline for filing a response to the Appellees' Motion for Summary Judgment had expired.").

In the case at bar, the case had been pending for several years when the motion for summary judgment was filed. The summary judgment motion had been pending for approximately five months by the time of the hearing, as the hearing had already been reset twice. Still, Mr. Brecker failed to file any type of response prior to the five-day deadline. After the deadline passed, he submitted a late-filed response along with what he admits were "voluminous materials," which "[f]or the most part . . . concerned collateral matters," spanning nearly 500 pages. This included a lengthy statement of additional undisputed facts, to which the defendants did not have time to respond. Under these circumstances, we cannot say that the trial court abused its discretion in striking the exhibit contained within the late-filed documents.

## IV.   CONCLUSION

For the aforementioned reasons, the decision of the circuit court is hereby affirmed and remanded. Costs of this appeal are taxed to the appellant, Steven Brecker, for which execution may issue if necessary.

_____
CARMA DENNIS MCGEE, JUDGE